**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| ROBERT MAYBERRY, | : | Case No. 1:25-cv-617 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| WARDEN, WARREN CORRECTIONAL | : | |
| INSTITUTION. | : | |
| | : | |
| Respondent. | : | |

---

**REPORT AND RECOMMENDATION**

---

Petitioner has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1-1).  On October 10, 2025, the Court issued an Order requiring Petitioner to show cause in writing, within thirty (30) days, why this case should not be dismissed without prejudice on the ground that Petitioner has not exhausted available state-court remedies.  (Doc. 4).  Petitioner was advised that "failure to respond to this Order within the requisite 30-day period will result in the case being dismissed for want of prosecution."  (*Id*. at PageID 48).  More than thirty days have passed, and Petitioner has not complied with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash* R.R., 370 U.S. 626, 630-631 (1962)*.*  Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for Petitioner's failure to comply with the Court's October 10, 2025, Order.  *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 10, 2026

*s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge

2